### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IT'S GREEK TO ME, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 11-1153-KHV |
| | ) | |
| VARSITY BRAND, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion To Dismiss Or Alternatively To Transfer (Doc. #17) filed July 27, 2011. For reasons stated below, the Court sustains defendants' motion to dismiss.

### Factual Background

Varsity Brand, Inc., Varsity Spirit Corporation and Varsity Spirit Fashions & Supplies, Inc. (collectively "Varsity") assert that It's Greek To Me, Inc. ("IGTM") is marketing cheerleading uniforms that infringe Varsity copyrights. On May 10, 2011, Varsity sent IGTM a cease and desist letter which alleged that four of IGTM's designs violated Varsity copyrights. Varsity demanded that IGTM take certain corrective actions by May 25, 2011 or Varsity would take all action available under the law to prevent further infringement.

On May 23, 2011, IGTM responded that it was reviewing the allegations in the cease and desist letter, but that it needed further information so that it could "understand and assess" Varsity's allegations. Exhibit 2 to Doc. #20. In particular, IGTM asked Varsity to provide copies of two U.S. Copyright Registrations including color images of any submitted specimens and, as to an unregistered design, a copy of the image and description of the asserted garment design. On June 6,

2011, before Varsity had responded to the request for additional information, IGTM filed this declaratory judgment action.

On June 8, 2011, IGTM sent Varsity a courtesy copy of the complaint in this action. On June 9, 2011, Varsity filed suit against IGTM in the United States District Court for the Western District of Tennessee. In the Tennessee action, Varsity seeks both equitable and monetary relief.

## Analysis

Varsity asks the Court to dismiss this declaratory action in light of parallel infringement action between the same parties in Tennessee. The Declaratory Judgment Act provides that the Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The district court has discretion whether to issue a declaratory judgment. See MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 136 (2007); State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994). In evaluating whether to exercise jurisdiction over a declaratory judgment action, the Court considers: (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata; (4) whether use of declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether an alternative remedy would be better or more effective. Mhoon, 31 F.3d at 983.

The first factor – whether a declaratory action would settle the controversy – weighs in favor of dismissal. The Tennessee complaint seeks equitable and monetary relief. On the other hand, the Kansas declaratory action would not resolve the issue of damages. As to the second factor, a

declaratory action could serve a purpose in clarifying the legal relations at issue, but the issue of monetary relief would remain unresolved. The fourth factor is irrelevant because no case is pending before a state court. The fifth factor is neutral as the Tennessee and Kansas actions include the same parties and the same governing law.

The third factor – whether plaintiffs are using this declaratory action for procedural fencing – carries the most weight and weighs heavily in favor of dismissal of this action. As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit. Ford v. Mischeviz, 68 Fed. Appx. 877, 878 (10th Cir. 2003). The power is meant to foster judicial economy and the comprehensive disposition of litigation. Id. The doctrine is also meant to protect parties from the vexation of concurrent litigation over the same subject matter. Id.

As a general rule, when duplicate suits are pending in separate federal courts, the first suit filed has priority unless certain circumstances justify giving priority to a later-filed action. Employers Reinsurance Corp. v. MSK Ins., Ltd., No. 01-2608-CM, 2003 WL 21143105, at *6 (D. Kan. Mar. 31, 2003). Federal courts apply this rule "to situations in which essentially the same issues and litigants are involved in two substantially identical causes of action before federal courts in different districts." Ed Tobergte Assocs. v. Zide Sport Shop of Ohio, Inc., 83 F. Supp.2d 1197, 1198 (D. Kan. 1999). The first-to-file rule is based on the principle that federal district courts should not interfere with each other's affairs. Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Ga., 189 F.3d 477 (Table), 1999 WL 682883, at *2 (10th Cir. 1999); Universal Premium Acceptance Corp. v. Oxford Bank & Trust, No. 02–2448–KHV, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002). This policy avoids the waste of duplication, rulings which may intrude on the authority of

sister courts and piecemeal resolution of issues that call for a uniform result. Buzas, 1999 WL 682883, at *2 (citing Sutter Corp. v. P & P Indus., 125 F.3d 914, 917 (5th Cir. 1997)); Universal Premium Acceptance Corp., 2002 WL 31898217, at *1 (policy avoids waste of duplication, rulings which may intrude on authority of sister courts and piecemeal resolution of issues that call for a uniform result); see also Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc., 679 F. Supp.2d 1287, 1296 (D. Kan. 2010) (Tenth Circuit applies first-to-file rule where complaint raising same issues against substantially similar parties was previously filed in another district court); Lipari v. U.S. Bancorp NA, 345 Fed. Appx. 315 (Table), 2009 WL 2055125, at *1 (10th Cir. 2009) (first-to-file rule applies where two district courts have jurisdiction over same controversy).

The Court may decline to hear a declaratory judgment action if plaintiff is using the action for procedural fencing or as a preemptive filing in anticipation of a lawsuit by the "natural plaintiff." AmSouth Bank v. Dale, 386 F.3d 763, 788 (6th Cir. 2006); see St. Paul Fire & Marine Ins. Co. v. Runyon, 53 F.3d 1167, 1170 (10th Cir. 1995).[1]  Here, IGTM engaged in a race to the courthouse to "wrest the choice of forum from the 'natural' plaintiff." Waddell & Reed, Inc. v. United Investors Life Ins. Co., 2000 WL 1595751, at *3 (D. Kan. Oct. 18, 2000). IGTM essentially lulled Varsity into

---

[1] In determining whether to follow the first-to-file rule, courts also consider the following factors: (1) the adequacy of the relief available in the alternative forum; (2) promotion of judicial efficiency; (3) the identity of the parties and the issues in the two actions; (4) the likelihood of prompt resolution in the alternative forum; (5) the convenience of the parties, counsel and witnesses; and (6) the possibility of prejudice to any party. Thrivent Fin. for Lutherans v. Croisant, No. 04-2317-GTV, 2004 WL 2452994, at *2 (D. Kan. Oct. 26, 2004) (citation omitted). As explained above, both equitable and monetary relief are available in the Tennessee action while only declaratory relief is available in the Kansas action. Judicial efficiency is best served if the dispute is resolved in a single forum. The parties are identical in the two suits and both suits likely would be resolved in similar time frames. The convenience to the parties, counsel and witnesses appears to be the same whether this dispute proceeds in Tennessee or Kansas. Finally, it does not appear that either party would suffer prejudice if the suit proceeded in either location.

believing that an out-of-court resolution was possible and then – before Varsity had responded – IGTM filed suit. In similar circumstances, courts have declined to hear the declaratory action even though it was filed first. See John Wiley & Sons, Inc. v. Visuals Unlimited, Inc., No. 11-cv-5453-CM, 2011 WL 5245192, at *7-8 (S.D.N.Y. Nov. 2, 2011) (copyright infringement); GC&S Co. (Transpacific) v. Westland Giftware, No. 11-275-C, 2011 WL 2923857, at *3 (W.D. Okla. July 18, 2011) (same); Family Dollar Stores, Inc. v. Overseas Direct Import Co., Ltd., No. 10-cv-278, 2011 WL 148264, at *4-5 (W.D.N.C. Jan. 18, 2011) (same).[2]

IGTM notes that this action "arguably" might be an anticipatory action if IGTM had commenced this action prior to the May 25 deadline set forth in Varsity's cease and desist letter. Doc. #20 at 30. IGTM ignores the fact that two days before the May 25 deadline, it sent Varsity a letter which asked for further information including copies of the relevant copyrights and an image and description of a garment design. See Exhibit 3 to Doc. #20. IGTM's purported purpose was to "understand and assess" the infringement allegations. Id. Before IGTM received a response from Varsity, on June 6, it filed this action – nine business days after it had requested additional information from Varsity. The timing of the complaint suggests that IGTM did not need the

---

[2] IGTM argues that courts often allow first-filed declaratory actions to proceed in the analogous context of patent infringement cases. Doc. #20 at 15-16 (citing Micron Tech., Inc. v. Mosaid Techs., Inc., 518 F.3d 897 (Fed. Cir. 2008). Micron recognizes that a district court may consider "a party's intention to preempt another's infringement suit when ruling on the dismissal of a declaratory action" although that consideration is only one factor in the analysis. Micron, 518 F.3d at 904. As explained above, this factor weighs heavily in favor of dismissal. In addition, in Micron, the declaratory action related to 14 patents whereas the later-filed infringement suit asserted infringement of only seven patents. See id. at 900. Even in a typical patent infringement case, strictly applying the first-to-file rule is disfavored in a scenario where "(1) a patentee has notified an alleged infringer of suspected infringement, (2) good faith negotiations between the parties have ensued, and (3) the alleged infringer then files a declaratory judgment action in the forum of his choice." Samsung Electronics Co., Ltd. v. Rambus Inc., 386 F. Supp.2d 708, 724 (E.D. Va. 2005) (internal quotations omitted).

requested information to understand and assess the allegations of infringement. Instead, it appears that IGTM had already decided to file suit and simply asked for additional information to extend the May 25 deadline and delay an anticipated infringement suit by Varsity so that it could prepare its own lawsuit. This conclusion is reinforced by the detail of the 19-page complaint and exhibits which appear to reflect that as of May 23, 2011, IGTM already had a detailed understanding of the infringement allegations. Nothing in the record suggests that IGTM was waiting for Varsity to send additional information so that IGTM could respond to the cease and desist letter.[3] From the record, it appears that IGTM asked for additional information on May 23, 2011 in an attempt to delay an infringement suit by Varsity and give it time to preemptively file its own declaratory action.

After balancing the pertinent factors under Mhoon, particularly the third factor related to procedural fencing, the Court declines to hear IGTM's claims under the Declaratory Judgment Act.[4]

**IT IS THEREFORE ORDERED** that Defendants' Motion To Dismiss Or Alternatively To Transfer (Doc. #17) filed July 27, 2011 be and hereby is **SUSTAINED**.  The Court dismisses this action.

---

[3] In particular, as of May 23, 2011, IGTM itself was researching and attempting to obtain a copy of the two relevant copyright registrations. See Exhibit C to Doc. #1 (search in public online catalog of U.S. Copyrights on May 23, 2011). IGTM successfully obtained a copy of both copyright registrations and included them as attachments to its complaint. See Exhibits D to Doc. #1. In addition, on June 1, 2011, IGTM obtained information about the resident agent in Kansas for Varsity. See Exhibit J to Doc. #1 (business entity search on Varsity Spirit Corporation on June 1, 2011).

[4] Neither party has suggested that the Tennessee federal court cannot address all of the issues and claims presented in this case. Accordingly, the Court sees no reason to stay the case. See United States v. City of Las Cruces, 289 F.3d 1170, 1192 (10th Cir. 2002); GC&S, 2011 WL 2923857, at *3.

Dated this 7th day of December, 2011 at Kansas City, Kansas.

                                                 s/ Kathryn H. Vratil
                                                 KATHRYN H. VRATIL
                                                 United States District Judge